**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| WILLIAM SALGUERO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, DESERT VIEW FACILITY, ADELANTO ICE PROCESSING CENTER, et al.,<br><br>Respondents. | Case No. 5:26-cv-06381-DFM<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner William Salguero, a citizen of El Salvador held in immigration custody since late September 2026, seeks a writ of habeas corpus ordering his release. See Dkt. 1 (“Petition”). He claims that due process required a hearing before his arrest, and that officers arrested him without a valid warrant or escape-risk assessment and denied him a prompt custody determination.

Respondents first suggested that Petitioner appeared eligible for a bond hearing under 8 U.S.C. § 1226(a), but they now state that he is detained under 8 U.S.C. § 1226(c)(1)(E), which mandates detention of a noncitizen who entered without inspection and has been charged with or arrested for theft. Because the statute now requires Petitioner’s detention, and he has not shown

that the process available to him violates due process at this stage, he is not entitled to release.

For the reasons set forth below, the Petition is **DENIED**.

## II. BACKGROUND

Petitioner alleges that he entered the United States without inspection around 2014, lives in Inglewood, works in the restaurant industry, and planned to marry a United States citizen, who intended to petition on his behalf. See Petition ¶¶ 1-2. He alleges that U.S. Immigration and Customs Enforcement ("ICE") officers arrested him on or around September 28, 2026, while he was walking home from work. See id. ¶ 4.

Respondents' account differs. The Record of Deportable/Inadmissible Alien states that Petitioner came to ICE's attention through record checks reflecting an arrest for vehicle theft and possession of burglary tools, and that on September 29, 2026, officers arrived at his "anticipated release location" in Los Angeles at approximately 11:00 a.m., told him they were executing a warrant for his arrest, and arrested him without incident. See Dkt. 8-1 ("Form I-213") at 2-3. Respondents contend that the arrest occurred at approximately 1:10 p.m. that day, at or near 1312 Imperial Highway. See Dkt. 11-1 ("Negrete Decl.") ¶ 5.

The Form I-213 reports a pending petty-theft charge under California Penal Code § 484(a), filed May 4, 2026, in Los Angeles County Case No. 26IWCM01185-01; a September 24, 2026 arrest on charges that included § 484(a); a September 29, 2026 arrest for vehicle theft and possession of burglary tools; and numerous earlier arrests, mostly drug-related, that were dismissed or not pursued. See Form I-213 at 3-5.

Respondents initially argued that Petitioner "appears to be entitled" to a § 1226(a) bond hearing, had not exhausted that remedy, and could not obtain release for an arrest defect. See Dkt. 8 ("Response") at 2-4. Petitioner replied

that Respondents had forfeited opposition and sought an unredacted Form I-213. See Dkt. 9 ("Reply") at 2-4 & n.1.

The Court ordered a supplemental return addressing (a) Petitioner's custody and removal status and the statutory basis for his detention; (b) whether § 1226(c)(1)(E) applies and why the Response asserted apparent § 1226(a) eligibility; and (c) the complete Form I-200 and Notice to Appear, including the dates and times of issuance and service, and the date and location of the arrest. See Dkt. 10 at 1-2.

The supplemental return states that Petitioner is detained at the Desert View Annex in Adelanto under § 1226(c)(1)(E). See Dkt. 11 ("Supp. Return") at 2; Negrete Decl. ¶¶ 7-8. A deportation officer states that Petitioner entered without being admitted or paroled; that on October 27, 2026, the immigration judge ("IJ") continued his removal proceedings to December 4, 2026, so that he could obtain counsel; that he has had no bond or custody redetermination hearing; and that, "[f]ollowing the apprehension," he was served with a Notice to Appear and an Administrative Warrant for Arrest of Alien. See Negrete Decl. ¶¶ 4, 6, 9-10.

The Warrant for Arrest of Alien, dated September 29, 2026 and signed by a supervisory deportation officer, identifies its probable-cause basis as "the execution of a charging document to initiate removal proceedings against the subject" and certifies service that day. See Dkt. 11-2 ("Form I-200") at 1. The Notice to Appear, dated the same day and signed by the same officer, charges Petitioner as inadmissible under § 1182(a)(6)(A)(i), certifies in-person service that day, and lists as his residence the Adelanto detention facility's address. See Dkt. 11-2 at 2-4; Dkt. 11-3 ("NTA") at 1, 3. Neither document appears to state the time of issuance. The supplemental return states that Petitioner "will be entitled to a Rodriguez bond hearing after 180 days in detention." Supp. Return at 2.

Petitioner's response does not address § 1226(c)(1)(E). See Dkt. 12 ("Supp. Response"). He argues that the warrant is invalid because it was obtained and served after his arrest, and because it was issued before a valid Notice to Appear. See id. at 2-4.

## III. DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although 8 U.S.C. § 1226(e) restricts review of discretionary custody decisions, "it does not limit habeas jurisdiction over constitutional claims or questions of law." Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011).

### A. Prudential Exhaustion Is Waived for the Claims Decided

Respondents initially argued that Petitioner had not exhausted his administrative remedies by requesting a bond hearing. See Response at 2-3. Exhaustion of a § 2241 claim is prudential, not jurisdictional. See Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017). Courts weigh the need for agency expertise, the risk of encouraging deliberate bypass, and the agency's opportunity to correct its own mistakes, and may waive exhaustion if, among other grounds, administrative remedies are inadequate or futile. See id.; Laing v. Ashcroft, 370 F.3d 994, 998, 1000-01 (9th Cir. 2004); Leonardo v. Crawford, 646 F.3d 1157, 1160-61 (9th Cir. 2011).

The Court waives exhaustion for the claims it decides. The Court assumes the arrest facts in Petitioner's favor, Petitioner does not dispute the facts underlying his classification, and whether due process required a pre-arrest hearing or whether an arrest defect requires release from otherwise lawful custody are legal questions which an IJ's custody decision would not resolve. Agency review also could not supply the pre-arrest procedure

Petitioner says he was owed, and the discretionary release he seeks is unavailable if, as the Court concludes, § 1226(c) governs.

This waiver is limited. A detainee who disputes, as a matter of fact, whether he falls within a mandatory-detention category may ask an IJ to determine that he is "not properly included" in it. 8 C.F.R. § 1003.19(h)(2)(ii); see also Nielsen v. Preap, 586 U.S. 392, 418 n.8 (2019); Matter of Joseph, 22 I. & N. Dec. 799, 802-06 (BIA 1999). Nothing in this Order excuses Petitioner from using that route or assumes it would be futile.

**B. Petitioner Is Detained Under § 1226(c)(1)(E)**

Section 1226(a) authorizes the arrest and detention of a noncitizen pending removal proceedings and generally permits release on bond or conditional parole. By contrast, § 1226(c) removes that discretion for specified categories of noncitizens.

Section 1226(c)(1)(E), added in 2025, requires the Secretary of Homeland Security to take into custody any noncitizen who is "(i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, . . . any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense . . . ." 8 U.S.C. § 1226(c)(1)(E). "Theft" has "the meaning[] given" that term "in the jurisdiction in which the acts occurred." Id. § 1226(c)(2). A covered noncitizen may be released only under a narrow witness-protection exception not relevant here. See id. § 1226(c)(4).

The record establishes both conditions. The NTA charges Petitioner as inadmissible under § 1182(a)(6)(A)(i). See NTA at 1. It is undisputed that Petitioner entered without inspection. See Petition ¶ 1; Negrete Decl. ¶ 4. The Form I-213 reports a pending 2026 petty-theft charge under California Penal Code § 484(a) and a September 24, 2026 arrest on charges that included §

484(a). See Form I-213 at 4-5. Section 484(a) defines theft under California law, where the alleged acts occurred.

Petitioner has not disputed any of this. The Court's November 9 order put § 1226(c)(1)(E) at issue, and Petitioner responded without contesting his inadmissibility or the reported theft charge and arrest. See Supp. Response at 2-4. His reply relies on the same criminal history to support his liberty-interest argument. See Reply at 7 & n.2. On this record, the Court finds that Petitioner falls within § 1226(c)(1)(E).

### C. Count Two: The Arrest and the Initial Custody Determination

Count Two alleges that Respondents violated § 1226(a) and its regulations by arresting Petitioner without a valid warrant or a pre-arrest escape-risk assessment, and by failing to provide a prompt custody determination. See Petition ¶¶ 36-40.

#### 1. The Alleged Warrant Defects

An officer may arrest a noncitizen on a Form I-200 administrative warrant "[a]t the time of issuance of the notice to appear, or at any time thereafter." 8 C.F.R. § 1236.1(b)(1). A warrantless arrest is permitted only when the officer has reason to believe the person is present in the United States unlawfully and likely to escape before a warrant can be obtained. See 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(ii). These requirements apply to noncitizens later held under § 1226(c), whose arrest rests on authority that "springs from subsection (a)"; subsection (c) "is simply a limit on the authority conferred by subsection (a)." Preap, 586 U.S. at 409. Mandatory detention therefore does not excuse an unlawful arrest.

Petitioner first argues that the warrant was obtained and served after the arrest, making the arrest warrantless. See Supp. Response at 2-3. The deportation officer confirms that the warrant was served after the arrest. See Negrete Decl. ¶ 6. But service is not issuance, and the record does not show

when the Form I-200 was issued. Both documents bear the arrest date, and Respondents did not supply the issuance times the Court requested. See Form I-200 at 1; NTA at 1; Dkt. 10 at 2.

Petitioner next argues that the warrant was issued before a valid NTA. See Supp. Response at 3-4. The Form I-200 recites that the probable cause basis was based on "the execution of a charging document" but the NTA's listing of the detention facility as Petitioner's residence suggests it was prepared after he was in custody. See NTA at 1.

The Court assumes, without deciding, that the Form I-200 was issued after the arrest and before the NTA, and that no qualifying escape determination was made. The question is what follows from these assumed defects in a habeas proceeding.

**2. Release Is Not the Remedy**

Habeas corpus tests the lawfulness of present custody. "A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the [petitioner] can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) (citation omitted). As the Ninth Circuit has held, "[b]ecause this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether [the petitioner's] detention is illegal today." Alvarez-Mendez v. Stock, 941 F.2d 956, 960 (9th Cir. 1991) (explaining that even if petitioner's detention was previously illegal, if the statute provides authority to hold him today, "his present custody is not illegal and habeas corpus is not available"); see also Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991) (noting that the

historical function of the writ is "to secure immediate release from illegal physical custody").

These holdings do not make an unlawful arrest lawful, and pending removal proceedings require a sufficient present basis for custody. Here there is one. Petitioner falls within § 1226(c)(1)(E) on facts he does not dispute; an NTA charging him as inadmissible has been issued and served; and his removal proceedings are pending. See NTA at 1, 3; Negrete Decl. ¶ 9. The statute directs the Secretary to take him into custody and limits his release to circumstances not present here. See 8 U.S.C. § 1226(c)(3)-(4). Those grounds exist independently of the arrest.

Petitioner relies on decisions ordering release for arrest defects, most significantly Figueroa-Santos v. Bowen, No. 5:26-cv-06188-KES, 2026 WL 3252422 (C.D. Cal. Oct. 28, 2026). That court ordered release based on the respondents' failure to contest the arrest claim after a warning, an NTA issued a month after the arrest, and no showing of escape risk. See id. at *7. Moreover, the petitioner had no known criminal history, the government conceded that § 1226(c) did not apply, and the court did not address Bilokumsky or Alvarez-Mendez. See id. Here, § 1226(c) eliminates the discretionary release process that was still owed and unprovided in Figueroa-Santos. To the extent that case may be read to hold that an arrest defect alone compels release from otherwise lawful custody, this Court follows Bilokumsky and Alvarez-Mendez; Figueroa-Santos itself acknowledged contrary decisions in this district. See id. at *6 n.2 (citing Papikyan v. Semaia, No. 26-1824, 2026 WL 1455139, at *1 (C.D. Cal. May 22, 2026) (concluding that release was not warranted based on the fact that the arrest warrant preceded the NTA) and Tsendayush v. Bondi, No. 26-970 (C.D. Cal. June 30, 2026) (same)).

Sanchez Marquez v. Warden, Desert View Facility, No. 26-05368, 2026 WL 2948874 (C.D. Cal. Oct. 1, 2026), is similarly distinguishable. There, the

petitioner had no criminal history, no mandatory basis for detention was established, and required § 1226(a) custody review was never provided. See id. The other decisions Petitioner cites likewise did not involve an established § 1226(c)(1)(E) predicate.[1]

In short, although the Court assumes the defects Petitioner alleges, there is no dispute about the uncontested facts establishing his classification, and an administrative warrant referring to subsection (a) does not take Petitioner outside subsection (c). See Preap, 586 U.S. at 409-10. The assumed arrest defects therefore do not entitle Petitioner to release.

Petitioner's asserted membership in the class in Vasquez Perdomo v. Mullin, No. 25-05605, Dkt. 738 (C.D. Cal. Sept. 2, 2026), see Petition ¶¶ 26-27, does not change this. That injunction governs warrantless-arrest practices; it does not itself direct the release of persons arrested. See Vasquez Perdomo, Dkt. 738 at 53-54.

---

[1] See Gopie v. Lyons, No. 25-05229, 2025 WL 3167130 (E.D.N.Y. Nov. 13, 2025) (§ 1226(a); release despite later bond denial); Martha C.G.P. v. Blanche, No. 26-2308, 2026 WL 1329577 (D. Minn. May 13, 2026) (government invoked § 1225; release despite later bond denial); Landaverde Ardon v. Mina, No. 26-313, 2026 WL 530199 (M.D. Fla. Feb. 26, 2026) (NTA issued after arrest; asserted § 1225 basis rejected); Hinestroza Arango v. Genalo, No. 25-6720, 2025 WL 3637500 (E.D.N.Y. Dec. 16, 2025) (arrest and initial-custody defects and frustrated bond requests); Ramirez Ovando v. Noem, 810 F. Supp. 3d 1209, 1226 (D. Colo. 2025) (preliminary class relief). Some of these courts granted relief after an NTA or bond decision had issued, but none involved an established § 1226(c)(1)(E) predicate or addressed Bilokumsky or Alvarez-Mendez. Courts in this district have denied release for arrest defects on the basis of those decisions. See Durickovic v. Mullin, No. 26-06429, 2026 WL 3270095, at *3 (C.D. Cal. Oct. 30, 2026) (denying relief where an IJ had since made a custody decision); Gonzalez Gonzalez v. Janecka, No. 26-06081, 2026 WL 3373408, at *4 (C.D. Cal. Nov. 6, 2026) (denying release for arrest defect but granting petition in part and ordering § 1226(a) bond hearing).

### 3. The Initial Custody Determination

Petitioner also contends that Respondents failed to provide an immediate custody determination. See Petition ¶¶ 28, 38-39; Reply at 5-6. But this assumes that Petitioner was entitled to discretionary release. He was not. An officer may release on bond only a noncitizen "not described in section 236(c)(1) of the Act," 8 C.F.R. § 1236.1(c)(8), and an IJ may not redetermine custody for a noncitizen subject to § 1226(c)(1), see 8 C.F.R. § 1003.19(h)(2)(i)(D). Because Petitioner is within § 1226(c)(1)(E), neither may release him under the ordinary bond standards.

This does not mean Petitioner was owed no process. Mandatory detention does not eliminate post-arrest examination, notice, and processing requirements, see 8 C.F.R. § 287.3, or IJ review of classification, see 8 C.F.R. § 1003.19(h)(2)(ii). The record does not establish that every processing requirement was met. However, Petitioner identifies no continuing defect that undermines his present custody, and a past defect, like the arrest claim, does not warrant release from custody that is now lawful.

The Court therefore denies relief on the basis of Count Two.

## D. Count One: Due Process

Count One alleges that due process required notice and a hearing before Petitioner's arrest, based on Respondents' alleged acquiescence in his presence and on his long residence and ties. See Petition ¶¶ 19-24, 33-35; Reply at 6-9.

### 1. No Categorical Right to a Pre-Arrest Hearing

Petitioner's liberty interest is substantial, and his entry without inspection does not strip him of due process protection. See Padilla v. ICE, 192 F.4th 894, 909-10 (9th Cir. 2026). But neither long residence nor alleged government awareness establishes a categorical right to a hearing before a first immigration arrest. Petitioner has never been released from immigration custody, paroled, or placed on supervision, and the record shows no

affirmative assurance that he could remain at liberty. See Form I-213 at 1, 5; Response at 2. There is thus no prior release decision whose revocation might require process. Nor does the record show that ICE knowingly decided not to detain him; the older criminal history in the 2026 Form I-213 does not show when ICE learned of it or what, if anything, it decided. See Reply at 7 & n.2.

Some courts in this district have found a liberty interest supporting pre-deprivation process without a prior release. See, e.g., Lobo-Portillo v. Johnson, No. 26-02105, 2026 WL 1365628, at *1-3 (C.D. Cal. May 8, 2026). But Lobo-Portillo involved some twenty years of residence, more than ten months of detention, the intervening dismissal of a criminal matter in El Salvador, and serious health concerns, and it did not establish a categorical rule. The better approach is to assess the process actually available in light of the current basis for detention.

**2. The Process Afforded Is Constitutionally Adequate**

The sufficiency of the procedures attending a deprivation of liberty is assessed under the three-factor framework of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which weighs (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of additional process. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (applying Mathews to immigration detention). Mathews is "a flexible test that can and must account for the heightened governmental interest in the immigration detention context." Id. at 1206.

The first factor favors Petitioner. Freedom from detention is a weighty interest, no less so because he had not previously been held by immigration authorities. The second does not. Petitioner's detention turns on whether he falls within § 1226(c)(1)(E), which depends on two discrete facts: entry without inspection, which Petitioner himself alleges, and a theft charge or arrest, which

Respondents' records show and Petitioner does not dispute. The risk of erroneous classification is therefore low, and if Petitioner wishes to dispute his classification, he may seek a determination from an IJ. See 8 C.F.R. § 1003.19(h)(2)(ii). Under the circumstances present here, a pre-arrest or bond hearing would add little to the accuracy of Petitioner's classification.

The third factor favors Respondents, who have a substantial interest in detaining noncitizens subject to mandatory detention during removal proceedings. See Demore v. Kim, 538 U.S. 510, 523-24, 531 (2003). Demore upheld § 1226(c) detention for the limited period necessary for removal proceedings and did not consider the 2025 amendment or approve detention of any length. But Petitioner has been detained about seven weeks, since September 29, 2026; his proceedings are pending; and the December 4 continuance was granted so he could obtain counsel. See Negrete Decl. ¶ 9. The record shows neither prolonged detention nor obstruction of classification review.

The Court therefore denies relief on the basis of Count One. This ruling rests on the present record and does not decide whether a future petition based on materially changed circumstances, including materially prolonged detention, would state a claim.

**E. Remaining Requests**

Because Petitioner has not shown that his detention is unlawful, his requests for immediate release, a declaration, and release within seven days absent a government-burden hearing are denied. See Petition at 11. Because he has not prevailed, he is not a "prevailing party" under 28 U.S.C. § 2412, and his fee request under the Equal Access to Justice Act is denied without deciding whether the Act applies here. Nothing in this Order finds that Petitioner's arrest was lawful or determines any claim not presented in the Petition.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that: (1) the Petition (Dkt. 1) is **DENIED** as to all Respondents, including Count One and Count Two; and (2) Petitioner's requests for immediate release, declaratory relief, a hearing within seven (7) days, and attorney's fees and costs under the Equal Access to Justice Act are **DENIED**.

IT IS FURTHER ORDERED that Judgment be entered denying the Petition and dismissing this action, without prejudice to a new habeas petition based on materially changed circumstances.

Date: November 24, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge